# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 3:12-po-066

   -vs-

Magistrate Judge Michael R. Merz

:

DARNELL J. STARGELL,

      Defendant.

# DECISION AND ORDER

      This case is before the Court on the Government's Motion (Doc. No. 8) to impose on the Defendant as a condition of his probation in this case that he be subject at any time of the day or night to a search of his person, property, premises, and vehicle by any peace, parole, or probation officer without a search warrant and without either probable cause or reasonable suspicion to believe he is engaged in criminal activity. Defendant through counsel opposes the Motion (Doc. No. 9). At sentencing the Court placed Defendant on probation with reservation of authority to consider this additional condition after briefing.

      As authority, the Government relies principally on *United States v. Knights*, 534 U.S. 112 (2001). There the Supreme Court unanimously held that evidence seized in the defendant's residence pursuant to a probation condition such as the one the Government seeks here could be admitted in evidence upon proof that the seizing officers had reasonable suspicion to believe the probationer was engaged in criminal activity. The Court declined to consider whether a search without reasonable suspicion would have been reasonable under the Fourth Amendment totality-

of-the-circumstances test. *Id.* at 120, n. 6.

In this case the Court is faced with a different question. Rather than evaluate a particular search given the requested probation condition, the Court is asked to authorize such a search in the first instance.

In opposing the requested condition, Defendant does not contest the authority of the Court to impose such a condition in appropriate case, but argues instead that it is overly broad for this case because Mr. Stargell's "prior history does not contain offenses or conduct that would warrant such a broad search condition." (Memorandum, Doc. No. 9, PageID 20.) Instead, Defendant suggests the Court consider the "privacy continuum" discussed by the Sixth Circuit in *Wilson v. Collins,* 517 F.3d 421 (6th Cir. 2007), and conclude there is no need to impose so extreme an intrusion on Defendant's privacy as the Government requests.

The probation condition at issue in *Knights* is "common" in California. 534 U.S. at 116. But the Supreme Court does not tell us whether it is a matter of legislative or judicial policy or rather a commonly-accepted "best practice" of California probation departments.

There is no such "common" probation condition in the federal system, at least so far as this Court is advised. Instead, the Congress has adopted a set of mandatory conditions (18 U.S.C. § 3563(a)) and a set of discretionary conditions (18 U.S.C. § 3563(b). Neither set includes a search condition such as the Government seeks in this case. 18 U.S.C. § 3563(b)(22) implies that the Court's discretion is not limited to the specific conditions otherwise listed in § 3563(b). The Court concludes that the condition sought by the Government in this case is both constitutional and permitted by statute in an appropriate case.

18 U. S.C. § 3563(b) expressly says that any conditions beyond those made mandatory by § 3563(a) must be "reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)"

and "involve only such deprivations of liberty as are reasonably necessary for the purposes indicated in section 3553(a)(2)." § 3553(a) provides:

> (a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>   (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Defendant in this case was convicted of driving under suspension and he has five prior driver's license offense convictions. He also has a number of prior convictions for possession of marijuana and one positive test for the use of marijuana while on pretrial release in this case. The Court is not persuaded that the requested condition is reasonably necessary to prevent Defendant from repeating these offenses.

With respect to consumption of marijuana, the mandatory drug testing condition, given the current ability to detect marijuana use for some time after it occurs, is adequate to address that behavior and the search condition is not likely to add to deterrence.

With respect to Defendant's driver's license offenses, it seems unlikely the search condition will add any deterrence. Any law enforcement officer who knows Defendant and the condition of his license will have probable cause to arrest him if he is found driving. But nothing about his appearance while driving will alert a law enforcement officer who does not know those facts to the utility of stopping him and no search subsequent to such a stop is likely to yield

useful evidence of the violation.

Accordingly the Court finds that the probation condition requested by the United States is not both reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and reasonably necessary for the purposes indicated in section 3553(a)(2). Accordingly, the Motion is DENIED.

November 19, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge